39 F.3d 1191
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Verse FRANKLIN, Plaintiff-Appellant,
v.
NEW COLEMAN HOLDINGS, INC., formerly The Coleman Company,
Inc., Defendant-Appellee.
 No. 93-3357.
 United States Court of Appeals, Tenth Circuit.
 Nov. 1, 1994.
 
 1
 Before MOORE and ANDERSON, Circuit Judges, and BRIMMER,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Verse Franklin brought this employment discrimination action against his former employer, New Coleman Holdings, Inc. (Coleman), under 42 U.S.C.1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C.2000e to 2000e-17. Mr. Franklin, who is black, worked for Coleman as a truck driver until May 1988 when he was placed on a medical leave of absence. He was terminated as of May 1990 without having returned to work. He claimed that Coleman's refusal to reinstate him as a truck driver or in another suitable job resulted from racial discrimination and retaliation for his filing complaints with the Kansas Commission on Civil Rights. Coleman contended that in accordance with its policy, Mr. Franklin was not reinstated as a truck driver because he had had too many recent preventable accidents. It also contended that no other suitable jobs were available during the relevant period.
 
 
 4
 On Coleman's motion, the district court granted summary judgment against Mr. Franklin and dismissed the case. Mr. Franklin appeals. We have jurisdiction under 28 U.S.C. 1291. We review a grant of summary judgment de novo. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). Because Mr. Franklin is the nonmovant, we view the facts and draw all inferences in his favor. Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991).
 
 
 5
 On appeal, Mr. Franklin raises three issues: that he stated a valid 1981 claim; that he administratively exhausted his retaliation claim because it is reasonably related to his April 1991 administrative complaint; and that he presented a prima facie case of discrimination. (He dropped his claim regarding the retroactivity of the Civil Rights Act of 1991.) We have fully considered Mr. Franklin's arguments, and we conclude that the district court correctly and adequately addressed them in its order granting summary judgment. We therefore affirm the district court for substantially the same reasons as stated in that order.
 
 
 6
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 **
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470